# EXHIBIT 1

CAUSE NO. 202060646

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO. 918496     TRACKING NO: 73811307

EML

| Plaintiff: | In The055th Judicial District |
|---|---|
| BROWN, LAKEISA | Court of Harris County, Texas |
| vs. | |
| Defendant: | |
| EMBREY MANAGEMENT SERVICES | |

CITATION (SECRETARY OF THE STATE OF TEXAS)

THE STATE OF TEXAS
County of Harris

To:   EMBREY MANAGEMENT SERVICES (A LIMITED PARTNERSHIP) MAY BE SERVED BY SERVING THE TEXAS
SECRETARY OF STATE P O BOX 12079 AUSTIN TX 78701
 FORWARD TO: THE REGISTERED AGENT EMBREY DEVELOPMENT COMPANY
     1020 N E LOOP 410 SUITE 700, SAN ANTONIO TX 78209

Attached is a certified copy of: PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND.

This instrument was filed on November 16, 2020 in the above cited cause number and court.
The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file
a written answer with the District Clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration date of 20 days after you were served this citation and
petition, a default judgment may be taken against you.

This citation was issued on November 16, 2020, under my hand and seal of said court.

Issued at the request of:
CHUKWURAH, NKECHINYELUMKA HILDA
5151 KATY FREEWAY, SUITE 306

HOUSTON, TX  77007
832-526-6500
Bar Number 24045657



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline,   Houston Texas
77002
(PO Box 4651, Houston, Texas
77210)

Generated By: LISA THOMAS

Tracking Number: 73811307
EML

CAUSE NUMBER: 202060646

| | |
|---|---|
| PLAINTIFF: BROWN, LAKEISA | In the 055th |
|     vs. | Judicial District Court of |
| DEFENDANT: EMBREY MANAGEMENT SERVICES | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M. on the _____ day of _____, 20_____. Executed at Address)_____ ____ in _____ County at o'clock ____.M. on the _____ day of _____, 20_____, by Summoning the _____

Delivering to _____in person a corporation By leaving in the principal office during office hours_____ of the said_____ a true copy of this notice, together with accompanying copy of _____To certify which I affix my hand officially this _____day of _____, 20___.

Fees $_____

_____

    By_____
         Affiant                 Deputy
On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__

_____
                             Notary Public

Certified Document Number: 93110450 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 2, 2021

Certified Document Number:        93110450 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

9/26/2020 6:57 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46605690
By: Cecilia Thayer
Filed: 9/28/2020 12:00 AM

No. _____

| | | |
|---|---|---|
| **LAKEISA BROWN,** | § | IN   THE   DISTRICT   COURT |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | OF   HARRIS   COUNTY,   TEXAS |
| | § | |
| **EMBREY MANAGEMENT** | § | |
| **SERVICES,** | § | |
| **Defendant.** | § | _____   JUDICIAL DISTRICT |

<u>**PLAINTIFF, LAKEISA BROWN'S, ORIGINAL PETITION**</u>
<u>**AND JURY DEMAND**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Lakeisa Brown, hereinafter called Plaintiff, complaining of and about

Embrey Management Services, hereinafter called Defendant or EMS, and for cause of action

shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff Lakeisa Brown, is a citizen of the United States and the State of Texas

and resides in Harris County, Texas.

2.      Defendant Embrey Management Services, a Limited Partnership based in Texas,

may be served with process by serving the registered agent of said limited partnership,

EMBREY DEVELOPMENT COMPANY, at 1020 N.E. Loop 410, Suite 700, San Antonio, TX

78209 USA , its registered office.  Service of said Defendant as described above can be effected

by serving the Texas Secretary of State.

**JURISDICTION**

3.      The action arises under federal and state law as hereinafter more fully appears.

4.      This Court has supplemental jurisdiction over state law claims discussed below

under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

1

## NATURE OF ACTION

5.      This is an action under 29 U.S.C. Section 2601 et. seq. to correct violations of the Family Medical Leave Act, Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and color and under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

6.      All conditions precedent to jurisdiction have not occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed while waiting for the Equal Employment Opportunity Commission's issuance of a right to sue letter. Further, all conditions precedent to jurisdiction have occurred or been complied with regarding the FMLA claim.

## FACTS

7.      On July 7, 2004, Plaintiff Brown was hired as an Assistant Manager then eventually promoted to Regional Manager—by Defendant EMS. On March 29, 2018, while working from home, Plaintiff Brown fell down the stairs and fractured her ankle. On April 11, 2018, she filed a Workers' Compensation claim as directed by EMS. During the several weeks after her accident, and while on FMLA leave, Plaintiff Brown was repeatedly contacted by management to answer questions, take calls (even during the evening), and do training. Although Plaintiff Brown was on medical leave, she continued to respond to these requests but believe these calls were harassing in nature and she twice asked management to stop calling and stop residents from calling her almost every day.

Certified Document Number: 92349854 - Page 2 of 10

On July 20, 2018, Plaintiff Brown received a letter from Dina Coover which stated, amongst other things, that her FMLA expired on July 17, 2018 and if she did not return to work on full duty after three weeks her employment would be administratively terminated. Her FMLA time was not calculated correctly and Plaintiff Brown subsequently received another letter that stated her FMLA ran out on August 31, 2018.

On July 23, 2018, Plaintiff Brown was returned to work with restrictions, including no climbing, but she was required by EMS to visit two workplaces and climb a flight of stairs. On her second day back to work, Plaintiff Brown learned that her workers' compensation information had been disclosed to her colleagues by management. Plaintiff Brown was ridiculed because she filed a Workers' Compensation claim.

On August 21, 2018, Brown informed EMS that she was scheduled for a second surgery on August 22, 2018 and would be out until August 24, 2018. Subsequently, Plaintiff Brown's new doctor's release was not received, and a nurse checked the wrong box. Embrey claims that they did not know if the Doctors office checked the wrong box. However, Plaintiff placed a conference call with her doctor's office and Embrey's HR assistant to make sure Embrey could receive the doctor's note and they could answer any questions they may have had.

On September 7, 2018 Embrey called Plaintiff Brown (Cindy Ash & Dina Coover) to explain how they would accommodate me. Plaintiff Brown was told she would be on light duty but could not work from home, though someone else would walk her properties. She was expected to be up and about. Plaintiff Brown advised Mrs. Ash & Dina that since Plaintiff Brown suffered from diabetes that sometimes prevented and delayed the healing process, she was not precisely sure when her leg would be healed. They wanted to know exactly when Plaintiff Brown was going to be healed. This was not something Plaintiff Brown could know. They further

informed her that she would have to return to work by September 28, 2018 and must travel to the properties or be administratively terminated. Cindy Ash & Dina Coover clearly stated in their responses on the call that they received a letter from Brown's doctor stating that she could not travel.

Plaintiff Brown contacted Mrs. Ash on September 11, 2018 and advised her that she was in pain and could not work. On September 14, 2018, Plaintiff sent Embrey a note from the doctor stating she would not be able to work until further notice, because she was in allot of pain and being forced into traveling to other properties was not a demand Plaintiff could meet.

Embrey's idea of a reasonable accommodation was for someone to walk the properties for Plaintiff. But she was being required to travel when she could have done her work from home. Plaintiff could not perform the newly required job duties on September 28, 2018 without a reasonable accommodation but, other employees, Kenna Wiggins and Brenda Cones, had been accommodated, allowing them to be able to complete their job functions. Embrey could have actually and reasonably accommodated her by allowing her to work from home until her leg healed. Embrey had no problems violating Plaintiff's FMLA rights when Plaintiff worked from home after her accident when they needed reports completed but, when Brown needed additional time at home because of that interruption, Embrey discriminated, creating undue hardship on Plaintiff by harassing, threatening, creating a hostile work environment, and forcing her to resign. If Embrey had calculated Plaintiff's FMLA correctly, including all the time Plaintiff actually worked, she would have been qualified for the position at the time of she was forced to resign.

As a result of the above, Plaintiff returned all company equipment as requested on September 28, 2018. On September 28, 2018, Brown's co-workers were informed by email that

4

Certified Document Number: 92349854 - Page 4 of 10

she was no longer employed and would go back on Workers' Compensation, another breach of confidentiality.

## FAMILY MEDICAL LEAVE ACT

8.      Defendant, Embrey Management Services, interfered, restrained or denied Plaintiff her rights under the Family Medical Leave Act.

9.      Defendant, Embrey Management Services, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of the Family Medical Leave Act.

## RACE AND COLOR DISCRIMINATION

10.      Defendant, Embrey Management Services, intentionally engaged in unlawful employment practices involving Plaintiff because of her race and color.

11.      The unlawful employment practices of Defendant, relating to race and color, adversely impacted Plaintiff as detailed above.

12.      Defendant, Embrey Management Services, also violated Plaintiff's rights under 42 U.S.C. Section 1981.

13.      Defendant, Embrey Management Services, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's race and color in violation of 42 U.S.C. Section 2000e-(2)(a) and 42 U.S.C. Section 1981.

14.      Defendant, Embrey Management Services, classified Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e-(2)(a) and 42 U.S.C. Section 1981.

Certified Document Number: 92349854 - Page 5 of 10

15.     Plaintiff alleges that Defendant, Embrey Management Services, discriminated against Plaintiff on the basis of race and color with malice or with reckless indifference to the state-protected rights of Plaintiff.

### AMERICANS WITH DISABILITY ACT

16.     Defendant, Embrey Management Services, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability.

17.     Defendant, Embrey Management Services, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

18.     At all material times, Plaintiff was able to perform the essential functions of her position with accommodation.  Plaintiff has a disability, has a record of a disability and is regarding as having a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of her disability, record of a disability and perception of having a disability.

19.     Plaintiff alleges that Defendant, Embrey Management Services, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected rights of Plaintiff.

### CONSTRUCTIVE DISCHARGE

20.     Embrey Management Services made the working conditions so intolerable that Plaintiff felt compelled to resign her position.  A reasonable person in the same position would have also felt compelled to resign.  Plaintiff suffered damages for which Plaintiff herein sues.

### INVASION OF PRIVACY BY EMBREY MANAGEMENT SERVICES

21.     Defendant Embrey Management Services, publicized facts regarding Plaintiff's private life which were not of legitimate public concern.  The publicity was highly offensive to Plaintiff and would be highly offensive to a reasonable person.  Plaintiff was injured as a result

Certified Document Number: 92349854 - Page 6 of 10

of the conduct of Defendant.  Plaintiff suffered damages for which Plaintiff herein sues.

## NEGLIGENCE BY EMBREY MANAGEMENT SERVICES

22.     Defendant Embrey Management Services owed a legal duty to Plaintiff. Defendant breached this duty which proximately caused injury to Plaintiff.  Plaintiff seeks all available damages for injuries caused by Defendant's negligence.

## NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY EMBREY MANAGEMENT SERVICES

23.     Plaintiff alleges that the conduct of Defendant Embrey Management Services, constituted negligent hiring, supervision, training and retention.  Plaintiff alleges that Defendant Embrey Management Services, did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether their managers and supervisor were unfit, incompetent, or a danger to third parties. Defendant Embrey Management Services' failure to exercise reasonable care in the hiring, supervision, training and retention of Plaintiff's managers was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## RETALIATION BY EMBREY MANAGEMENT SERVICES

24.     Plaintiff alleges that Defendant Embrey Management Services, instituted a campaign of retaliation which ultimately led to her constructive termination.

## DAMAGES

25.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a.      All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

b.      Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the

Court deems equitable and just;

c.     All reasonable and necessary costs incurred in pursuit of this suit;

d.     Expert fees as the Court deems appropriate;

e.     Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

f.     Inconvenience;

g.     Interest;

h.     Mental anguish in the past;;

i.     Mental anguish in the future;

j.     Loss of earnings in the past;

k.     Loss of benefits;

l.     Deprivation of seclusion;

m.     Loss of use of private facts; and

n.     Injury to reputation.

o.     Prejudgment interest;

p.     Loss of enjoyment of life;

q.     Loss of earning capacity which will, in all probability, be incurred in the future;

r.     Loss of benefits; and

p.     Loss of tenure

**SPECIFIC RELIEF**

17.     Plaintiff seeks the following specific relief which arises out of the actions and/or

Certified Document Number: 92349854 - Page 8 of 10

omissions of Defendant described hereinabove:

   a.   Rehire Plaintiff.

   b.   Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful actions of Defendant.

## EXEMPLARY DAMAGES

18.   Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Lakeisa Brown, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**NLC LAW GROUP, PLLC**

By: _Kechi Chukwurah_
_____
**Lucy Nkechinyelumka "Kechi" Chukwurah**
Texas Bar No. 24045657
**Durham Center**

9

5151 Katy Freeway, Suite 306
Houston, Texas 77007
**Local:**          832.917.6008
**Facsimile:**     832.917.6010
lucy@nlclawgroup.com
Attorney for Lakeisa Brown

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Certified Document Number: 92349854 - Page 10 of 10

10



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 2, 2021

Certified Document Number:        92349854 Total Pages:  10

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

1/25/2021 9:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49980978
By: Lewis John-Miller
Filed: 1/25/2021 9:40 AM

CAUSE NO. 2020-60646

| | | |
|---|---|---|
| LAKEISA BROWN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EMBREY MANAGEMENT SERVICES | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | 55TH  JUDICIAL DISTRICT |

## DEFENDANT EMBREY MANAGEMENT SERVICES' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Embrey Management Services ("Defendant" and/or Embrey") files this Original Answer to Plaintiff Lakeisa Brown's ("Plaintiff") Original Petition ("Petition"), and responds as follows:

## I.
## GENERAL DENIAL

Embrey asserts a general denial as authorized by TEX. R. CIV. P. 92, and respectfully requests that the Court require the Plaintiff to prove each of her claims, charges, and allegations by a preponderance of the evidence under the Constitution and laws of the state of Texas. Defendant respectfully requests that it be allowed to plead further defenses in this cause as the facts surrounding this matter are developed.

Certified Document Number: 94070003 - Page 1 of 6

## II.
## <u>EMBREY'S AFFIRMATIVE DEFENSES</u>

Without waiving the foregoing general denial or assuming burdens of proof not otherwise assigned to it by applicable law, Embrey alternatively pleads the following defenses and reserves the right to plead additional defenses which may become apparent during discovery in this case.

### FIRST DEFENSE

EMBREY alternatively pleads that Plaintiff was an at-will employee, as that term is defined under the common law of Texas, and Plaintiff could be terminated at any time for any reason, not specifically prohibited by state or federal law, and with or without cause.

### SECOND DEFENSE

EMBREY alternatively pleads that Plaintiff's claims are barred in whole or in part to the extent such claims were not pursued within the applicable statute of limitations.

### THIRD DEFENSE

EMBREY alternatively pleads Plaintiff's claim is barred to the extent an adequate state or federal statutory remedy precludes Plaintiff's claim.

### FOURTH DEFENSE

EMBREY alternatively pleads that Plaintiff's recovery is barred or reduced to the extent she failed to mitigate her damages.

### FIFTH DEFENSE

EMBREY alternatively pleads that it is not liable for acts, if any, by employees that were not authorized by EMBREY, and that those employees had no express or implied authority to engage in acts that were inconsistent with EMBREY's written rules prohibiting conduct constituting unlawful termination or retaliation. Any improper acts by certain individuals

employed by or associated with EMBREY were beyond the course and scope of employment, and EMBREY is not responsible for those actions, if any.

## SIXTH DEFENSE

Defendant alternatively pleads that any actions taken concerning Plaintiff were done for legitimate, non-discriminatory business reasons, and based on reasonable factors other than Plaintiff's alleged disability or any other protected characteristic.

## SEVENTH DEFENSE

Plaintiff's claims and relief are barred to the extent the equitable doctrines of after-acquired evidence, avoidable consequences, waiver, estoppel, laches, and/or unclean hands apply.

## EIGHTH DEFENSE

Even if Plaintiff proves she was subjected to unlawful discrimination, which Defendant denies, the same action would have been taken regardless.

## NINTH DEFENSE

If any improper, illegal or discriminatory actions were taken by any of Defendant's employees against Plaintiff, which Defendant denies, it was outside the course and scope of the employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law and was not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant

## TENTH DEFENSE

To the extent relevant to Plaintiff's specified claims, Defendant has in place a clear and well-disseminated policy against discrimination on the basis of any protected class and a reasonable and available procedure for handling complaints providing for prompt and effective

responsive action.    To the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claims are barred.

## ELEVENTH DEFENSE

To the extent Plaintiff complained adequately of allegedly-unlawful, discriminatory actions, Defendant undertook a prompt investigation and made an appropriate remedial response.

## TWELTH DEFENSE

Plaintiff's damages are limited by all applicable damages caps and limitations provided by law.

## THIRTEENTH DEFENSE

Defendant is entitled to an offset or credit against Plaintiff's damages, if any, based on any interim earnings, income, unemployment benefits, disability benefits, workers' compensation benefit, and/or Social Security benefits received by Plaintiff.

## FOURTEENTH DEFENSE

· Defendant alleges that Plaintiff's claims for punitive damages are barred to the extent that the imposition of punitive damages would constitute a denial of due process under the United States Constitution and the Texas Constitution.

## III.
## <u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Embrey Management Services respectfully requests that Lakeisa Brown's causes of action against Embrey be dismissed with prejudice, and Lakeisa Brown take nothing by her suit against Embrey.  Embrey further prays for recoupment of money wrongfully obtained or possessed by Lakeisa Brown, and exemplary damages.

Certified Document Number: 94070003 - Page 4 of 6

Embrey also prays for recovery of its costs and for further such relief, general or special, at law or in equity, to which it may be justly entitled.

Dated: January 25, 2021                              Respectfully submitted,


                                                     /s/ Myrlintha P. Wilson
                                                     _____
                                                     Myrlintha  Patrice Benford Wilson
                                                     Texas Bar No. 00796195
                                                     Patrice.wilson@meaderslaw.com
                                                     MEADERS & LANAGAN, PC
                                                     Two Riverway, Suite 845
                                                     Houston, TX  77056
                                                     (713) 907-0810  Telephone
                                                     (832) 582-6825  Fax

                                                     **ATTORNEY FOR DEFENDANT
                                                     EMBREY MANAGEMENT SERVICES**

## CERTIFICATE OF SERVICE

I certify that on January 25, 2021, a true and correct copy of the the foregoing document was duly served via the Court's e-filing system, certified mail, return receipt requested, email, and/or facsimile, on counsel of record as follows:

NLC LAW GROUP

Lucy Chukwurah
Principal Attorney
Texas Bar No. 24045657
Durham Center
5151 Katy Freeway, Suite 306
Houston, Texas 77007
lucy@nlclawgroup.com

ATTORNEYS FOR PLAINTIFF

_/s/ M. Patrice Wilson_
Myrlintha P. Benford Wilson



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 2, 2021

Certified Document Number:        94070003 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**